UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD PETER MAACK,

    Plaintiff,

v.                                            Case No. 6:22-cv-758-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

    Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits (DIB), and Supplemental Security Income (SSI).[1] Plaintiff argues that the Administrative Law Judge (ALJ) committed reversible error by failing to properly develop the record in accordance with Social Security Ruling (SSR) 00-4p. As the ALJ's decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

    I.    *Background*

    Plaintiff, who was born in 1978, claimed disability beginning March 9, 2011 (Tr. 14, 577, 584). He was 32 years old on the alleged onset date. Plaintiff obtained a high school education, and his past relevant work experience included work as an

---

[1] The parties have consented to my jurisdiction. *See* 28 U.S.C. § 636(c).

electrician (Tr. 42, 57-58, 654). Plaintiff alleged disability due to fibromyalgia, auto-immune disorders, chronic fatigue syndrome, anxiety, Epstein Barr Syndrome, major depression, chronic migraines, and attention deficit disorder (ADD) (Tr. 653).

Given his alleged disability, Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 576-606).[2] The Social Security Administration (SSA) denied Plaintiff's claims both initially and upon reconsideration (Tr. 240-56, 270-72). Plaintiff then requested an administrative hearing (*see* Tr. 257-67). Per Plaintiff's request, the ALJ held an initial hearing and several supplemental hearings at which Plaintiff appeared and testified (Tr. 35-126). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 8-34).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2015, and had not engaged in substantial gainful activity since March 9, 2011, the alleged onset date (Tr. 14). After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: low back strain, morbid obesity, hypertension, depression, anxiety, and fibromyalgia syndrome (FMS) versus chronic fatigue syndrome (CFS) (Tr. 14). Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments

---

[2] The administrative record contains an unfavorable decision dated March 8, 2013, with a subsequent Appeals Council denial dated July 23, 2014 (Tr. 138-62). Plaintiff does not appeal either of those denials (Doc. 20, at 1 n.1).

that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14).  The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform sedentary work with the following exceptions: occasional balancing, stooping kneeling, crouching, crawling, and climbing ramps and stairs but never ladders, ropes, or scaffolds; must avoid work at heights, work with dangerous machinery and dangerous tools, constant temperatures over 90 degrees Fahrenheit and under 40 degrees Fahrenheit, foot controls, and constant pushing and pulling with the upper extremities (can do frequent); and work tasks could be up to one to five steps, learned in 30 days, performed repetitively and independently at his own workstation with occasional interaction with coworkers and supervisors, but none with the public (Tr. 16).  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 18).

Considering Plaintiff's noted impairments and the assessment of a vocational expert (VE), the ALJ determined that Plaintiff could not perform his past relevant work (Tr. 23).  Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such

as a document preparer, a parimutuel-ticket checker,[3] and an addresser (Tr. 24, 58-61). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 25). Given the ALJ's finding, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-7, 470-73). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

   II.   *Standard of Review*

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry

---

[3] The ALJ describes the job as a "Para-Mutual Ticker Checker," but the *Dictionary of Occupational Titles* (DOT) identifies the job as a "Parimutuel-Ticket Checker." DOT § 219.587-010, 1991 WL 671989. The ALJ's description thus appears to be a scrivener's error.

is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

  A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

III.   Discussion

Plaintiff argues solely that the ALJ erred by failing to properly develop the record. Namely, Plaintiff contends that an apparent conflict existed between the VE's testimony and the DOT regarding Plaintiff's mental limitations and the ability to perform jobs with a reasoning level of 3, which the ALJ failed to resolve.[4] Given such failure, Plaintiff argues that remand is warranted.

---

[4] "The DOT is an extensive compendium of data about the various jobs that exist in the United States economy, and includes information about the nature of each type of job and what skills or abilities they require." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1357 n.2 (11th Cir. 2018).

Even though Social Security proceedings are inquisitorial rather than adversarial in nature, claimants must establish their eligibility for benefits. *Ingram*, 496 F.3d at 1269; *see* 20 C.F.R. §§ 404.1512(a), 416.912(a). During the administrative process, therefore, a claimant must inform the SSA about or submit all evidence known to the claimant relating to whether the claimant is blind or disabled. 20 C.F.R. §§ 404.1512(a), 416.912(a). Though the claimant bears the burden of providing medical evidence showing she is disabled, the ALJ is charged with developing a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ maintains this basic obligation to develop a full and fair record without regard for whether the claimant is represented by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995).

In developing a full and fair record, the ALJ must consider and resolve any apparent conflicts between the DOT and VE evidence in compliance with SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). *Washington*, 906 F.3d at 1356. In *Washington*, the Eleventh Circuit stated:

> After careful review, we conclude that, pursuant to the terms of the Ruling, and in light of the overall regulatory scheme that governs disability claims, the ALJs within the SSA have an affirmative duty to identify apparent conflicts between the testimony of a Vocational Expert and the DOT and resolve them. This duty requires more of the ALJ than simply asking the VE whether his testimony is consistent with the DOT. Once the conflict has been identified, the Ruling requires the ALJ to offer a reasonable explanation for the discrepancy, and detail in his decision how he has resolved the conflict. The failure to discharge this duty means that the ALJ's decision, when based on the contradicted VE testimony, is not supported by substantial evidence.

*Washington*, 906 F.3d at 1356. Under this framework, an "apparent conflict" means a conflict "reasonably ascertainable or evident from a review of the DOT and the VE's testimony." *Id.* at 1365. "At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out to not be the case." *Id.*

To reiterate, in carrying out the affirmative duty to identify apparent conflicts between the VE testimony and the DOT, the ALJ must do more than simply ask the VE whether his or her testimony is consistent with the DOT. *Id.* at 1356. According to the Eleventh Circuit, when a conflict has been identified, SSR 00-4p requires the ALJ to provide a reasonable explanation for the discrepancy and to detail in the decision how the ALJ resolved the conflict. *Id.* The failure to do so means that the ALJ's decision, if based upon the contradicted VE testimony, is not supported by substantial evidence. *Id.*

Here, during the administrative hearing, the ALJ posed a hypothetical to the ALJ that included a limitation that Plaintiff's work tasks could be up to one to five steps, learned in 30 days, performed independently at his own workstation, and performed repetitively (Tr. 57-58). In response to the hypothetical, the VE testified that such hypothetical individual with Plaintiff's limitations could not perform Plaintiff's past work, but such hypothetical individual could perform the jobs of document preparer, parimutuel-ticket taker, and addresser (Tr. 57-61).

Subsequently, in rendering the decision, the ALJ concluded that Plaintiff maintained the RFC to perform a reduced range of light work, including a limitation

8

that Plaintiff's work tasks could be up to one to five steps, learned in 30 days, performed repetitively and independently at his own workstation (Tr. 16). The ALJ described such tasks as "some of the most simple tasks to learn and perform" (Tr. 16). Thereafter, the ALJ set forth the step-five finding and summarized the VE's testimony, as follows:

> As such, the VE testified that one of claimant's age, education, work experience, and RFC would be able to perform the requirements of representative sedentary, unskilled SVP 2 occupations such as: Document Preparer (DOT 249.587-018) at about 31,000 jobs nationally; [Parimutuel-Ticket] Checker (DOT 219.587-010) at about 16,000 jobs nationally; and[] Addresser (DOT 209.587-010) at about 4,500 jobs nationally. The VE testified that these jobs would still exist, and be unaffected by the use of a cane, due to it being sedentary work. These jobs allow for off-task behavior that does not exceed 6 minutes per hour. And, claimant could stand at the work station up to 6 minutes an hour, at his discretion.
>
> VE testimony is consistent with the DOT; though any discrepancies therewith are reliably and reasonably based on the VE's education, training, and professional experience working directly in the field with employers.

(Tr. 24).

In this instance, both the document preparer and the parimutuel-ticket checker positions require a reasoning level of 3, meaning that an individual must apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form and deal with problems involving several concrete variables in or from standardized situations. *See* Document Preparer, DOT § 249.587-018, 1991 WL 672349, & Parimutuel-Ticket Checker, DOT § 219.587-010, 1991 WL 671989. According to the Eleventh Circuit, an apparent conflict exists between demands of a

level 3 reasoning and a limitation to simple, routine, and repetitive tasks in the RFC. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1317 (11th Cir. 2021). Based on the holding in *Viverette*, Plaintiff contends that, although the ALJ did not explicitly include a limitation to "simple, routine, and repetitive tasks," the limitation to work tasks being up to one to five steps, learned in 30 days, and performed repetitively and independently at Plaintiff's own workstation is effectively the same limitation. Consequently, Plaintiff argues that an apparent conflict existed and, since the ALJ failed to address such apparent conflict, remand is warranted. In turn, the Commissioner argues that no apparent conflict existed because the limitation included in the hypothetical to the VE did not equate to an ability to perform "simple, routine, and repetitive tasks" as addressed in *Viverette*.

    Notwithstanding the Commissioner's arguments to the contrary, I find that the limitation set forth by the ALJ closely resembles the limitation addressed in *Viverette*, meaning that an apparent conflict existed as to two of the three jobs identified by the VE and that the ALJ therefore erred in relying upon the VE's testimony without addressing such conflict. Notably, those two jobs accounted for 47,000 of the 51,500 jobs identified by the VE. Given the ALJ's failure to address the apparent conflict affecting more than 90 percent of the jobs identified by the VE, remand is warranted. *See id.* at 1318 ("Given that over eighty percent of the jobs presented to the ALJ are affected by the apparent conflict and that we are reviewing the decision of the ALJ (on behalf of the Commissioner) for substantial evidence, we are hesitant to make any factual determinations ourselves about whether the final assembler or check weigher

positions exist in significant numbers in the national economy. Where additional (or more specific) agency fact-finding is needed, remand is the appropriate disposition.") (citation omitted).

    IV.    *Conclusion*

For the foregoing reasons, the ALJ failed to apply the correct legal standards, and the ALJ's decision is not supported by substantial evidence. Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 25th day of July, 2023.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of Record